SO ORDERED: December 21, 2021.

_____
James M. Carr
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                                          CASE NO. 21-00610- JMC-13
RODNEY CRAIG WARD, JR

DEBTOR(S)

### ORDER CONFIRMING DEBTOR (S)' PLAN (DOC. 37)

The debtor(s)' plan (or amended plan) Doc. **37** having been filed on **6/30/2021** and having been transmitted to creditors; and the trustee, after having conducted a meeting of creditors, has reported to the Court as follows:

1. That the plan complies with provisions of Chapter 13 and with other applicable provisions of the Bankruptcy Code;

2. That any fee, charge or amount required to be paid by the Code or the plan prior to confirmation has been paid;

3. That the plan has been proposed in good faith and not by any means forbidden by law;

4. That the value, as of the effective date of the plan, of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date;

5. That each holder of an allowed secured claim provided for by the plan(s): (a) has accepted the plan; (b) the plan provides that the holder of such claim retain the lien securing such claim until the earlier of the payments of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; further, the value, as of the effective date of plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and if property to be distributed to a lender holding a lien on debtor(s)' personal property is in the form of periodic payments, such payments shall be in equal monthly amounts and the holder of such claim secured by personal property shall receive a payment level not less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or (c) the debtor(s) shall have surrendered the property securing such claim to such holder;

6. That the debtor(s) will be able to make all payments under the plan and to comply with the plan;

7. That the action of the debtor in filing the petition was in good faith;

8. If applicable, a finding has been made on the record, or by affidavit, that the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation;

9. That the debtor(s) has filed all applicable federal, state and local tax returns as required by Section 1308, as verified on the record or by affidavit;

10. That the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the Court did not approve the plan unless, as the effective date of the plan the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or the plan provided that all of the debtor(s)' projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan; and the "disposable income" test and related confirmation mandates of Section 1325 (b)(2), (b)(3) and (b)(4) have been met;

11. Property of the estate shall revest in the debtor(s) upon entry of this confirmation order, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor(s) post-petition pursuant to operation of 11 U.S.C. Section 1306.

And the trustee, having reported to the Court and having recommended confirmation of debtor(s)' plan, the Court now adopts the trustee's report and, therefore,

ORDERS, ADJUDGES AND DECREES that the debtor(s) plan be, and the same is hereby confirmed; and it is

FURTHER ORDERED that the trustee shall charge such percentage fee as may be periodically fixed by the Attorney General pursuant to 28 U.S.C. Section 586(E); and it is

FURTHER ORDERED that the debtor(s) shall pay ANN M. DELANEY, Trustee, as follows:

**$1,340.00 PER MONTH FOR 48 MONTHS ($64,320.00) STARTING 3/20/2021.**

In addition thereto, debtor(s) shall pay to the trustee one-half (1/2) of his federal income tax refunds, and shall refrain from changing his withholding provisions, over the plan life. Further, barring an actual change in filing status (through marriage, divorce, death, etc.), the debtor shall refrain from changing his filing status.  All such refunds shall be payable to the trustee on or before the 30th day of April each calendar year commencing April 30, **2021,** for the prior tax year.  The debtor shall submit a copy of the federal tax return filed with the federal government along with his payment to the trustee.  If no tax refunds are due to the debtor from the IRS, a copy of the federal tax return showing no refunds due must be submitted to the trustee in place of the payment.  All such payments and copies must be sent to: Ann M. DeLaney, Trustee, P.O. Box 250, Memphis, TN  38101-0250.

###